IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MIGUEL ANGEL CRUZ,** § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Case No. _____ | |
| § | | |
| **CARL ALLEN RICE AND QUALITY** § | **JURY TRIAL DEMANDED** | |
| **TRANSPORTATION, INC.,** § | | |
| § | | |
| *Defendants*. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Miguel Angel Cruz ("Plaintiff" or "Miguel") files his Original Complaint ("Plaintiff's Complaint") complaining of Defendants Carl Allen Rice (hereinafter "Carl Rice" or "Defendant Rice") and Quality Transportation, Inc. (hereinafter "Quality Transportation" or "Defendant Quality Transportation") and would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff, Miguel Angel Cruz is an individual and resident of the State of Washington.

2. Upon information and belief, Defendant Carl Allen Rice ("Rice") is an individual and a resident of Powder River County, Montana. Because Defendant Rice did business in Texas, and in doing so, committed a tort in whole or in part in Texas as referenced in the Texas Civil Practice and Remedies Code § 17.042(2) by causing a collision while operating a motor vehicle as referenced in Texas Civil Practice and Remedies Code § 17.062, Defendant Rice may be served personally pursuant to the Texas Long Arm Statute at his residence located at 109 3rd St., Broadus, Montana 59317, or wherever he may be found. Therefore, pursuant to Texas Civil Practice and

Remedies Code §§ 17.062 and 17.063, Plaintiff will therefore serve summons and a copy of this Complaint on the chairman of the Texas Transportation Commission, requesting that the chairman mail a copy of the summons and notice to Defendant Rice by registered mail, or certified mail, return receipt requested to 109 3rd St., Broadus, Montana 59317, or wherever he may be found.

3. Upon information and belief, Defendant Quality Transportation, Inc. is a domestic corporation organized under the laws of the State of Montana. Quality Transportation, Inc., by and through its agents, employees, and representatives, engaged in business in the State of Texas and, in doing so, committed a tort in whole or in part in Texas as referenced in Texas Civil Practice and Remedies Code §17.042(2). Quality Transportation, Inc. may be served with summons pursuant to the Texas Long Arm Statute through its registered agent, Steph Croy, at 511 W Montana Ave., Baker, Montana 59313. Plaintiff will therefore serve summons and a copy of this Complaint on the Texas Secretary of State, requesting that the Secretary of State mail a copy of the service of summons and notice to Quality Transportation, Inc.'s registered agent by registered mail, or certified mail, return receipt requested to Steph Croy, at 511 W Montana Ave., Baker, Montana 59313.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this case because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

5. This Court has jurisdiction over Defendant Rice and Defendant Quality Transportation because they have purposefully availed themselves of the privileges and benefits of conducting business in the State of Texas, and in doing so, Defendants committed torts and other illegal acts that comprise the subject matter of this suit. Specifically, Defendant Rice, in the

course and scope of his employment by and agency relationship with Defendant Quality Transportation, negligently operated a motor vehicle in Wise County, Texas, causing Plaintiff's injuries.

6. Venue is proper in this Court and in this District because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391(b)(2).

## III.
## FACTUAL BACKGROUND

7. Miguel's claims arise out of a motor vehicle crash that occurred on or about the night of December 12, 2018, during which a vehicle driven by Defendant Rice negligently and violently collided with Miguel's vehicle (hereinafter the "Crash").

8. In the moments before the Crash occurred, Defendant Rice was operating a white 2018 Kenworth K260/K360 truck-tractor which was towing a 2015 silver flatbed trailer (the "18-wheeler") driving eastbound on SH 114E. Defendant Quality Transportation owned the 18-wheeler.

9. Upon information and belief, Defendant Rice missed his exit and performed a U-turn at the crossover near the SH 114E flyover. At or near the time that Defendant Rice made the U-turn, Miguel was travelling westbound on SH 114E. While attempting to complete the U-turn, Defendant Rice failed to yield the right-of-way to Miguel, thereby striking Miguel's vehicle and causing the Crash. As a result of the Crash, Miguel sustained severe, life-altering injuries.

10. At the time of the Crash, Defendant Rice was in the course and scope of his employment and/or agency relationship with Defendant Quality Transportation.

11. Shortly after the Crash, Officer Bryan Pickler of the Rhome Police Department arrived on the scene to investigate the Crash. Following Officer Pickler's investigation, it was determined that Defendant Rice was at fault for the Crash for driver inattention and failure to yield

the right-of-way.

## IV.
## CAUSES OF ACTION
### COUNT ONE: NEGLIGENCE (RICE ONLY)

12. Each of the foregoing paragraphs is incorporated herein for all purposes.

13. Defendant Rice had a duty to exercise ordinary car, that is, to do what a person of ordinary prudence would have done under the same or similar circumstances. Defendant Rice owed Plaintiff a duty of ordinary care.

14. Defendant Carl Rice breached his legal duties to Plaintiff. Defendant Rice's negligent acts and/or omissions are generally described herein and include, but are not limited to, the following:

   a. Failing to maintain a proper lookout;

   b. Failing to control his vehicle's speed;

   c. Failing to timely apply his brakes;

   d. Failing to yield the right-of-way;

   e. Failing to take evasive measures to avoid the Crash;

   f. Inattentiveness; and

   g. Failing to operate his vehicle in a reasonably prudent and safe manner.

15. Each of these acts and omissions by Defendant Rice, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action, including Plaintiffs' injuries and damages.

### COUNT TWO: NEGLIGENCE *PER SE* (RICE ONLY)

16. Each of the foregoing paragraphs is incorporated herein for all purposes.

17. Each of the above-referenced acts and/or omissions by Defendant Rice, singularly or in combination with others, constituted negligence *per se*. A non-exhaustive list of Defendant's

violations of the law include, but are not limited to, the following:

    a.    Defendant Rice's failure to perform a turn safely in violation of Texas Transportation Code § 545.103;

    b.    Defendant Rice's failure to yield the right-of-way in violation of Texas Transportation Code §§ 545.152 and 545.153;

    c.    Defendant Rice's failure to control speed in violation of Texas Transportation Code § 545.351; and

    d.    Defendant Rice's operation of the Truck in a manner that constituted recklessness in violation of Texas Transportation Code § 545.401.

18.    Each of the above-referenced acts and/or omissions, singularly or in combination with others, proximately caused the occurrence made the basis of this action, including Plaintiff's injuries and damages.

### COUNT THREE: NEGLIGENCE (QUALITY TRANSPORTATION ONLY)

19.    Each of the foregoing paragraphs is incorporated herein for all purposes.

20.    Defendant Quality Transportation had a duty to exercise ordinary car, that is, to do what a person/company of ordinary prudence would have done under the same or similar circumstances. Defendant Quality Transportation owed Plaintiff a duty of ordinary care.

21.    Defendant Quality Transportation breached its duty of care to Plaintiff.

22.    Defendant Quality Transportation's negligent acts or omissions proximately caused Plaintiff's injuries and damages. Defendant Quality Transportation's negligent acts or omissions are generally described herein and include, but are not limited to, the following:

    a.    Failing to properly hire and/or retain Defendant Rice as a company driver when Defendant Quality Transportation knew or reasonably should have known that Defendant Rice was an unfit, negligent, or reckless driver;

    b.    Failing to properly investigate Defendant Rice's driving ability, driving record, qualifications, and prior employment history;

  c. Failing to properly train Defendant Rice to operate the 18-wheeler in a safe and prudent manner;

  d. Failing to promulgate appropriate safety policies and procedures;

  e. Failing to implement appropriate safety policies and procedures;

  f. Failing to enforce appropriate safety policies and procedures;

  g. Failing to properly supervise and/or evaluate Defendant Rice to ensure that he would operate the 18-wheeler in a safe and prudent manner;

  h. Failing to maintain the appropriate policies and procedures to ensure Plaintiff's and the public's safety;

  i. Improperly entrusting Defendant Rice with the 18-wheeler when Defendant Quality Transportation knew or reasonably should have known that Defendant Rice was an unfit, negligent or reckless driver.

23. Each of these acts and omissions by Defendant Quality Transportation, singularly or in combination with others, constituted negligence that proximately caused the Crash, and Plaintiff's extensive injuries and damages.

### COUNT FOUR: RESPONDEAT SUPERIOR (QUALITY TRANSPORTATION ONLY)

24. Each of the foregoing paragraphs is incorporated herein for all purposes.

25. Defendant Quality Transportation, by and through Defendant Rice, its employee, agent, servant, and apparent or ostensible agent who was acting within the course and scope of his agency or employment with Defendant Quality Transportation, is liable for Defendant Rice's acts under the theories of respondeat superior and/or apparent agency.

26. By reason of the facts set forth above, Defendant Quality Transportation, by and through Defendant Rice, was negligent thereby proximately causing the Crash, and Plaintiff's

extensive injuries and damages.

### COUNT FIVE: GROSS NEGLIGENCE (DEFENDANTS)

27. Each of the foregoing paragraphs is incorporated herein for all purposes.

28. Defendants' tortious conduct was malicious and/or grossly negligent.

29. Defendants' malicious and/or grossly negligent conduct was carried out by Defendants.

30. Defendants intentionally breached the legal duties they owed to Plaintiff such that they could take undue advantage of Plaintiff and/or otherwise maliciously treat Plaintiff. The acts or omissions of Defendants, when viewed objectively from the Defendants' standpoint, involved an extreme degree of risk when considering the probability and magnitude of the potential harm to Plaintiff and others.

31. Additionally, Defendants had actual, subjective awareness of the risk to Plaintiff and others but proceeded anyway with a conscious indifference to the rights, safety, or welfare of Plaintiff and others.

32. Defendants' conduct was performed and/or designed with a specific intent to cause substantial injury or harm to Plaintiff. Accordingly, Plaintiff is entitled to a finding that Defendants were grossly negligent concerning the occurrence in question.

### V.
### DAMAGES

33. Each of the foregoing paragraphs is incorporated herein for all purposes.

34. The negligent acts of Defendants set forth above were a proximate cause of Plaintiff's injuries and damages as follows:

    a. General damages;

    b. Actual damages;

    c.    Past and future medical expenses and rehabilitative expenses;

    d.    Past and future physical pain and suffering;

    e.    Past and future impairment;

    f.    Past and future mental anguish;

    g.    Past and future disfigurement;

    h.    Loss of future earning capacity;

    i.    Lost wages Plaintiff has suffered in the past;

    j.    Exemplary damages;

    k.    Costs of court;

    l.    Pre-judgment interest;

    m.    Post-judgment interest; and

    n.    All other relief, in law and in equity, to which Plaintiff may be justly entitled.

## VI.
## DEMAND FOR JURY

35.    Plaintiff demands a jury trial and tenders the appropriate fee.

## VII.
## PRAYER

Plaintiff respectfully request that Defendants be cited to answer and appear, and, that upon final trial, Plaintiff recovers damages as specified above from Defendants, plus costs of court, pre-judgment and post-judgment interest at the maximum legal rate, and have such other and further relief, general and special, at law or in equity, to which Plaintiff may show himself entitled.

Respectfully submitted,

**LYONS & SIMMONS, LLP**

_____
**Christopher J. Simmons**
State Bar No. 24058796
csimmons@lyons-simmons.com
**Michael P. Lyons**
State Bar No. 24013074
mlyons@lyons-simmons.com
**Christopher W. Carr**
State Bar No. 00790430
ccarr@lyons-simmons.com
**Stephen Higdon**
State Bar No. 24087719
shigdon@lyons-simmons.com

2101 Cedar Springs Road, Suite 1900
Dallas, Texas 75201
(214) 665-6900
Facsimile: (214) 665-6950

**ATTORNEYS FOR PLAINTIFF**